**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| | : | |
| **v.** | : | **MAG. NO. 19-185 (DAR)** |
| | : | |
| **MARTINA BROWN,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(D) and 18 U.S.C. § 3142 (f)(1)(E) of the federal bail statute.   The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

**Introduction**

Martina Brown is a forty-seven year old female with a criminal history that includes at least one prior felony drug conviction.  The defendant has been charged in a three-count indictment with Unlawful Possession of a Firearm by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1); Simple Possession of Cocaine Base, in violation of Title 21, U.S.C. § 844(a); and Simple Possession of Heroin, in violation of Title 21, U.S.C. § 844(a).

The defendant has previously been convicted of a felony offense, however, her criminal conduct has remained undeterred as evidenced by her possession of a loaded firearm in this matter.

1

For these reasons, the government submits that the defendant should be held without bond pending trial to ensure the safety of the community.

**Procedural History and Applicable Authority**

At the initial appearance on July 12, 2019, the government orally moved for detention pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(D) and 18 U.S.C. § 3142 (f)(1)(E) of the federal bail statute.   The government contends that the defendant is a danger to the community. The government must establish by clear and convincing evidence that a defendant is a danger to the community. *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988). In an indicted case at a detention hearing, the government may proffer evidence. *United States v. Smith*, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996).

There are four factors under Section 3142(g) that the Court should consider and weigh in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) her history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by her release.   *See* 18 U.S.C. § 3142(g).   A review and understanding of the facts and circumstances in this case causes the government to ask the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community. Therefore, Ms. Brown should be detained. *See* 18 U.S.C. § 3142(e)(1).

**Nature and Circumstances of the Offenses Charged**

On Thursday, July 11, 2019 at approximately 1:40 p.m., members of the Metropolitan Police Department's (MPD) Narcotics and Special Investigations Division (NSID) Major Case Unit (MCU) responded to 1509 19th Street, S.E., Apartment 304 in Washington, D.C. to execute

District of Columbia Search Warrant 2019 CSW 3501, signed on July 3, 2019 by a District of Columbia Superior Court Judge.

Upon entry, officers were met by the defendant in the living room area of the two-bedroom apartment. The defendant is the leaseholder of the apartment and was the only person present when the officers made entry, although her teenage son later arrived on location. While searching the bedroom that belonged to the defendant, officers located a revolver between the mattress and box spring. While exiting the location, the spontaneously uttered to her son in the presence of officers that she would not be coming home because "they found the gun." The firearm recovered was determined to be a .38 caliber Armscor Special Edition revolver with a serial number of A396218, loaded with six (6) total rounds in the cylinder.   Law enforcement also recovered the following items:

- Clear vial with crack cocaine (1.8 grams) – recovered from living room sofa

- Dollar bill with heroin (small amount) – recovered from living room table

- $2,513 in U.S. currency – recovered from various areas in the living room area

- Unused zips and unknown pills – recovered from living room chair

- More unknown pills – recovered from hallway area

- 2 digital scales – recovered from kitchen drawer

The crack cocaine and heroin were both field tested with positive results.   The defendant was arrested and transported to the Sixth District for processing.   As set forth fully above, the first factor, the nature and circumstances of the offense charged, clearly weighs in favor of detention. Here, a grand jury found probable cause to believe that the defendant was illegally in possession of a loaded firearm as well as illegal narcotics. The defendant should remain detained.

## Weight of the Evidence Against the Defendant

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention.   The evidence against the defendant is very strong.   As set forth above, law enforcement officers discovered a loaded firearm in the defendant's bedroom between her mattress and box spring.   The firearm was loaded with six (6) rounds.   There were no other individuals in the home when law enforcement arrived.   When MPD officers discovered the firearm, the defendant stated to her son who later arrived "I'm not coming home, they found the gun."   This spontaneous statement was captured on body worn camera footage. Additionally, the recovery of the gun was captured on body worn camera footage.

## Ms. Brown's History and Characteristics

The third factor, the history and characteristics of the person, similarly weigh in favor of the detention. The nature of the defendant's criminal conduct has remained undeterred as demonstrated by the defendant being involved in yet another felony offense. The defendant's prior convictions are as follows:

- Petit Larceny (Virginia, 2014)

- Distribution of Cocaine and Sexual Solicitation (Washington, D.C., 2010)

- Unlawful Entry (Washington, D.C., 2009)

- Sexual Solicitation (Washington, D.C., 2009)

- Sexual Solicitation (Washington, D.C., 2006)

- Possession of Cocaine (Washington, D.C., 2004)

- Simple Assault (Washington, D.C., 1998)

- Theft (Maryland, 1997)

4

The government will proffer additional information related to the defendant's criminal history at the detention hearing.   The defendant should not be released.

## Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. The charged offense involves the defendant's possession of a loaded firearm despite being legally barred from such possession. The firearm that the defendant possessed had the potential to cause serious bodily injury to or the death of innocent persons in the community.   It is notable that the defendant's risk level for Failure to Appear and Global Re-Arrest both rate as high.

The defendant's considerable criminal history, and now, possession of a loaded high-powered firearm, overwhelmingly demonstrate that she is a danger to the community.   In order to protect the community, the defendant should be held without bond pending trial.

## Conclusion

The Court should grant the government's motion to detain Ms. Brown pending trial because she has demonstrated that she is a danger to the community.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar No. 472-845

By:           /s/
LISA NICOLE WALTERS
D.C. Bar No. 974-492
Assistant United States Attorney
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
Telephone: (202) 252-7499
E-mail: Lisa.Walters@usdoj.gov

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, Carlos Vanegas via the Electronic Case Filing (ECF) system, this 16th day of July, 2019.

_____/s/_____
LISA NICOLE WALTERS
Assistant United States Attorney